640 P.2d 932

Myra CRUTTENDEN, Plaintiff-Appellee,

v.

George MANTURA, Defendant-Appellee,

v.

MARRIOTT CORPORATION, Defendant-Garnishee-Appellant.

No. 13539.

Supreme Court of New Mexico.

Feb. 18, 1982.

Lamb, Metzgar & Lines, Larry L. Lamb, Jeffrey A. Dahl, Albuquerque, for appellant.

Levy, White, Ferguson & Grady, William S. Ferguson, Albuquerque, for appellee.

## OPINION

RIORDAN, Justice.

In 1968, plaintiff Myra Cruttenden (Cruttenden) loaned to the defendant George Mantura (Mantura), $8,400.00 at twelve percent interest (12%), payments to begin in 1972. In 1976, Cruttenden brought suit for collection of the unpaid note executed by Mantura. Judgment was entered in her favor. This appeal arises out of Cruttenden's service of a writ of garnishment on Marriott Corporation in an attempt to collect the judgment.

Mantura was originally employed by the defendant-garnishee Marriott Corporation in 1978 to work for the Saudi Hotel and Resort Area Company (SHARACO), a Saudi Arabian company, as Director of Services of the Marriott Khurais International Hotel, located in Saudi Arabia.[1] On January 2, 1979, Marriott Corporation assigned all

---

1. Foreign corporations cannot be majority shareholders in any company in Saudi Arabia. Marriott Corporation, therefore, entered into a Management Agreement with SHARACO. Under this agreement, Marriott Corporation was hired to supervise, direct and control the management and operation of the hotel.

434

agreements between Marriott Corporation and SHARACO to Marriott International Corporation, a wholly owned subsidiary of Marriott Corporation that was organized by Marriott Corporation for the purpose of conducting all overseas activities.

On January 24, 1979, Cruttenden served a writ of garnishment on the Marriott Corporation.[2] After a hearing on the answer and motions, a judgment was entered in favor of Cruttenden against Marriott Corporation and the court ordered Marriott Corporation to pay attorneys' fees and costs. Marriott Corporation appeals. We reverse.

Marriott Corporation contends that Mantura does not work for them and that they have no control over his wages. Marriott Corporation alleges that SHARACO controls Mantura's wages. Cruttenden contends that Mantura, in reality, works for Marriott Corporation because Marriott International Corporation is the alter ego of Marriott Corporation and because under the management contract with SHARACO the Marriott Corporation has control over Mantura's wages.

The trial court found that Marriott International Corporation is a wholly owned subsidiary of Marriott Corporation and that it is under Marriott Corporation's sole and direct control. The trial court also held that Marriott International Corporation is indivisible from and identical to Marriott Corporation and therefore is the alter ego of Marriott Corporation. Thus, by serving Marriott Corporation, the trial court concluded that it had jurisdiction to hear the case and enter a judgment against Marriott Corporation.

On appeal, Marriott Corporation contends that there is no evidence to support the findings that led to the conclusion that Marriott International Corporation is the alter ego of Marriott Corporation. We have reviewed the entire record and agree that the evidence does not support the trial court's findings. "Findings not supported by substantial evidence, and which have

been properly attacked, cannot be sustained on appeal * * *." *Getz v. Equitable Life Assur. Soc. of U. S.*, 90 N.M. 195, 199, 561 P.2d 468, 472, *cert. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). The trial court's findings that led to the conclusion that Marriott International Corporation is the alter ego of Marriott Corporation is not supported by substantial evidence or by inferences in the record. *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 500 P.2d 1304 (Ct.App.), *cert. denied*, 84 N.M. 180, 500 P.2d 1303 (1972).

A subsidiary and its parent corporation are viewed as independent corporations. *Intern. U., United Auto., Etc. v. Cardwell MFG. Co.*, 416 F.Supp. 1267 (D.Kan.1976). If sufficient separateness between a parent corporation and a subsidiary is maintained, service on the parent corporation does not subject the subsidiary corporation to local jurisdiction. *See State v. MacPherson*, 62 N.M. 308, 309 P.2d 981, *cert. denied*, 355 U.S. 825, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957).

To find that a subsidiary is the alter ego of the parent corporation, it must be established that the parent control is so complete as to render the subsidiary an instrumentality of the parent. *Edgar v. Fred Jones Lincoln-Mercury, Etc.*, 524 F.2d 162, 166 (10th Cir. 1975). Some guidelines to be followed in determining if the alter ego theory is appropriate are, whether:

'(1) The parent corporation owns all or majority of the capital stock of the subsidiary.

(2) The parent and subsidiary corporations have common directors or officers.

(3) The parent corporation finances the subsidiary.

(4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.

(5) The subsidiary has grossly inadequate capital.

---

**2.** Marriott Corporation answered, claiming that Mantura did not work for them and therefore the writ should be quashed; and a previous

default judgment against them for failure to answer should be set aside.

(6) The parent corporation pays the salaries or expenses or losses of the subsidiary.

(7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

(8) In the papers of the parent corporation, and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division.

(9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation.

(10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.'

*Intern. U., United Auto., Etc. v. Cardwell MFG. Co., supra* at 1286 (quoting *Fish v. East*, 114 F.2d 177, 191 (10th Cir. 1940)). Not all of these guidelines must be met, these are only factors for the trial court to consider in determining whether or not to recognize the corporations as separate entities. *Id.*

█ In this present case, the only testimony in the record on the relationship of the two corporations is that Marriott International Corporation, organized under the laws of Maryland, is a subsidiary of Marriott Corporation which is organized under the laws of Delaware; and that all agreements formerly between Marriott Corporation and *overseas* entities have been assigned to and now operate under Marriott International Corporation. The only other evidence that the trial court had concerning the relationship of the corporations was the management agreement between Marriott Corporation and SHARACO which was assigned to Marriott International Corporation. The evidence does not support a conclusion that Marriott International Corporation is the alter ego of Marriott Corporation.

The trial court's judgment and the award of attorneys' fees are reversed.

IT IS SO ORDERED.

EASLEY, C.J., and SOSA, Senior Justice, concur.

PAYNE, J., dissenting.